UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA A. MONTGOMERY, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. 1:20-cv-1894 |
| TYLER TRUSS SYSTEMS, INC. | ) |
| Defendant | ) |

***COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND REQUEST FOR TRIAL BY JURY***

## I. INTRODUCTION

Plaintiff Debra A. Montgomery ("Montgomery") brings this action against Defendant Tyler Truss Systems, Inc. ("Tyler Truss") pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq., the Civil Rights Act of 1866, 42 USC § 1981, and under Indiana common law for fraud.

## II. FACTUAL ALLEGATIONS

1. Montgomery resides in Indianapolis, Marion County, Indiana.

2. Tyler Truss is located in Pendleton, Madison County, Indiana. On its website, Tyler Truss describes itself as "one of the world's leading truss manufacturers in today's entertainment industry."

3. Montgomery is an experienced CNC Machinist. She has many years of experience as a machinist. She is also experienced as a welder. Until late December 2019, Montgomery was working as a CNC Machinist for a company called Standard Locknut in Westfield, Indiana.

4. Montgomery is an African American woman.

5. In November 2019, Montgomery learned that Tyler Truss was hiring welders and machinists to work at its Pendleton, Indiana manufacturing facility. The jobs paid several dollars per hour more than the job Montgomery had at Standard Locknut. In mid-November (she believes it was November 19, 2019), Montgomery visited the Tyler Truss facility and obtained an employment application. Montgomery completed the application and she had a first interview conducted by a man she believes was named "John." John told Montgomery to call a man named "Dennis" to set up a second interview.

6. Montgomery called Dennis and a second interview was scheduled for December 10, 2019. Dennis interviewed Montgomery on December 10th and offered her a job with Tyler Truss. Montgomery accepted. The job paid $19.00 per hour. Montgomery asked Dennis to allow her to give two weeks' notice to her current employer. Dennis agreed. Montgomery was told she would work the Second Shift and was told to report to work on January 2, 2020. Dennis gave Montgomery a tour of the Tyler Truss manufacturing facility that day after hiring her.

7. In reliance, Montgomery resigned her position with Standard Locknut and gave Standard two weeks' notice. Montgomery actually called in to Tyler Truss again on December 18, 2019 to speak with Dennis. Dennis confirmed with Montgomery that her start date was January 2, 2020. Dennis told Montgomery to report to work at 9:30 a.m. on January 2nd so that Montgomery could fill out all of her new employee paperwork for Tyler Truss.

8. During the interview process, Dennis told Montgomery that she was one of three people Tyler Truss was hiring at that time to manufacture metal trusses and perform welding and machining work. Tyler Truss designs metal trusses for the entertainment industry.

9. As instructed, Montgomery arrived for her first day of work at Tyler Truss on January 2, 2020. Dennis, the man who hired her, was not at work that morning. Instead,

Montgomery was met by a man named "Mark," who, from context, was Dennis' boss. Mark's first comment to Montgomery was "we're not hiring." Montgomery explained that she wasn't applying for a job, she had already been hired and was told to report to work that day. Mark repeated, "we're not hiring." Montgomery explained to Mark that she had been hired in December. She told Mark that she had been interviewed by John and Dennis and that Dennis hired her. Mark told Montgomery, Dennis went to a doctor's appointment and told Montgomery that he would have Dennis call her. Mark took Montgomery's name and phone number and then sent her away.

10. Mark was a Caucasian male. Montgomery had not met or spoken to Mark before January 2, 2020. From his reaction to Montgomery upon seeing her, Mark made clear that he was not going to hire an African American woman to work in a manufacturing job at Tyler Truss. 11. Mark's statement that Tyler Truss was not hiring was also a lie. Tyler Truss had a "now hiring" sign at the front of its manufacturing facility on January 2, 2020. At the time Montgomery filed her EEOC Charge of Discrimination, Tyler Truss was still advertising online an available manufacturing positions for a welder.

12. Later that morning of January 2, 2020, Dennis did call Montgomery. Dennis worded his statement to Montgomery carefully, telling her "<u>Mark</u> told me I cannot hire you." Dennis proceeded to apologize to Montgomery.

13. Tyler Truss, acting through the manager named "Mark," discriminated against Montgomery because of her race, African American, and her gender, female. Montgomery has been significantly harmed by Tyler Truss's refusal to allow her to begin work. Mark's statement that Tyler Truss was not hiring was a lie and certainly constituted both fraud and served as a pretext for illegal discrimination. Regarding proof of discrimination, Montgomery can state that,

when she toured the Tyler Truss production floor, all of the production workers were Caucasian males. She did not see an African American worker, nor did she see a woman. Moreover, Montgomery does not believe that Mark similarly withdrew job offers to the two other workers (whom she believes to be men) who were hired by Dennis at the same time Dennis hired Montgomery.

14. Montgomery has been harmed in two ways. In addition to the loss of income caused by Tyler Truss's refusal to honor its job offer to her, Montgomery also lost wages from her Standard Locknut job, which she resigned after being hired by Tyler Truss..

15. Debra Montgomery is bringing claims of race discrimination and sex discrimination against Tyler Truss under Title VII of the Civil Rights Act of 1964. Montgomery was discriminated against because of her race, African American, and gender, female, in Tyler Truss's hiring decisions. Montgomery is more than qualified for any of the manufacturing jobs Tyler Truss was filling. She is an experienced machinist and welder. Mark at Tyler Truss did not allow Montgomery to begin employment because she is an African American woman. Tyler Truss must be held liable for the abhorrent actions of its sexist and racist manager.

16. Montgomery is seeking all available damages, including all equitable relief, all lost wages and benefits, all available compensatory damages, and all punitive damages. She is seeking payment of all of her reasonable attorney's fees, costs and expenses.

17. Tyler Truss has intentionally, knowingly and willfully violated Montgomery's rights to equal employment opportunity and to equal treatment.

### III.  JURISDICTION AND VENUE

18. This Court has jurisdiction over Montgomery's claims under 28 USC § 1331 as her Title VII claims and claims under the Civil Rights Act of 1866 raise questions of federal law.

This Court has supplemental jurisdiction over Montgomery's Indiana common law claim for fraud, which arises under a common set of facts.

19. This Court is the appropriate venue for this cause of action as Montgomery resides in Marion County, Indiana and Tyler Truss operates its manufacturing facility in Madison County, Indiana.

## IV.  ADMINISTRATIVE PROCEDURES

20. Montgomery complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.  Montgomery received her Notice of Right to Sue from the Equal Employment Opportunity Commission, which was issued on July 13, 2020.

## V.  STATEMENT OF CLAIMS

### A.  TITLE VII SEX DISCRIMINATION CLAIMS

21. Montgomery incorporates herein by reference paragraphs 1 through 20 above.

22. Tyler Truss has discriminated against Montgomery because of her gender in the hiring process in violation of Montgomery's rights under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*.

23. As a direct and proximate result of Tyler Truss's conduct, Montgomery has sustained substantial economic losses, including, but not limited to, past and future loss of wages, and other economic benefits, and career opportunities.  Further, Montgomery has suffered mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and other pecuniary losses.  Finally, Tyler Truss's acts of sex discrimination were knowing, intentional and/or made with reckless disregard of Montgomery's known right to be free of sex discrimination in the workplace and in hiring decisions, and Montgomery is entitled to an award of punitive damages against Tyler Truss.  By way of this complaint, for Tyler

Truss's violations of the Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*, Montgomery is seeking all available damages, including, but not limited to, back pay and benefits, front pay and benefits, compensatory and punitive damages, and payment of all of her reasonable attorney fees, costs and expenses, and any other damages necessary to remedy Tyler Truss's violations of Montgomery's rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

24. As a result of Tyler Truss's discriminatory practices, Montgomery has found it necessary to retain the services of an attorney and she is therefore entitled to her reasonable attorney's fees in this matter.

### B.  TITLE VII RACE DISCRIMINATION CLAIMS

25. Montgomery incorporates herein by reference paragraphs 1 through 24 above.

26. Tyler Truss has discriminated against Montgomery because of her race in the hiring process in violation of Montgomery's rights under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*.

27. As a direct and proximate result of Tyler Truss's conduct, Montgomery has sustained substantial economic losses, including, but not limited to, past and future loss of wages, and other economic benefits, and career opportunities.  Further, Montgomery has suffered mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and other pecuniary losses.  Finally, Tyler Truss's acts of sex discrimination were knowing, intentional and/or made with reckless disregard of Montgomery's known right to be free of race discrimination in the workplace and in hiring decisions, and Montgomery is entitled to an award of punitive damages against Tyler Truss.  By way of this complaint, for Tyler Truss's violations of the Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*,

Montgomery is seeking all available damages, including, but not limited to, back pay and benefits, front pay and benefits, compensatory and punitive damages, and payment of all of her reasonable attorney fees, costs and expenses, and any other damages necessary to remedy Tyler Truss's violations of Montgomery's rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

28. As a result of Tyler Truss's discriminatory practices, Montgomery has found it necessary to retain the services of an attorney and she is therefore entitled to her reasonable attorney's fees in this matter.

### C.  RACE DISCRIMINATION CLAIM UNDER 42 USC § 1981

29. Montgomery alleges and incorporates herein by reference paragraphs 1 through 28 above.

30. Tyler Truss offered and Montgomery accepted a position of employment, creating an employment relationship between Montgomery and Tyler Truss and, thereby, thereby creating a relationship that is contractual in nature between Montgomery and Tyler Truss.

31. Tyler Truss's discriminatory actions have violated Montgomery's rights which are protected by the Civil Rights Act of 1866, 42 USC § 1981.

32. Specifically, Montgomery was treated in a disparate manner in the hiring process and in terms, conditions and privileges of employment as compared to other similarly situated Caucasian employees.  Montgomery was discriminatorily refused employment after she was offered and accepted employment, and also resigned her prior job in reliance upon Tyler Truss's offer of employment.

33. As a direct and proximate result of Tyler Truss's discriminatory practices, Montgomery has found it necessary to retain the services of an attorney and is therefore entitled

to her reasonable attorney's fees, costs and expenses in this matter.

34. As a direct and proximate result of Tyler Truss's conduct, Montgomery has sustained substantial economic losses, including, but not limited to, past and future loss of wages, and other economic benefits, and career opportunities. Further, Montgomery has suffered mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and other pecuniary losses. Finally, Tyler Truss's acts of sex discrimination were knowing, intentional and/or made with reckless disregard of Montgomery's known right to be free of race discrimination in the workplace and in hiring decisions, and Montgomery is entitled to an award of punitive damages against Tyler Truss. By way of this complaint, for Tyler Truss's violations of the Civil Rights Act of 1866, 42 USC § 1981, Montgomery is seeking all available damages, including, but not limited to, back pay and benefits, front pay and benefits, compensatory and punitive damages, and payment of all of her reasonable attorney fees, costs and expenses, and any other damages necessary to remedy Tyler Truss's violations of Montgomery's rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### D. Fraud Claims Under Indiana Common Law

35. Montgomery alleges and incorporates herein by reference paragraphs 1 through 34 above.

36. As described hereinabove, Tyler Truss committed actual fraud against Montgomery. Tyler Truss knowingly and intentionally made false and/or misleading statements to Montgomery when it offered her a position of employment on December 10, 2019 and again on December 18, 2019 when Montgomery called Tyler Truss to confirm her new job and her start date on January 2, 2020. Tyler Truss's promise of employment was false. Tyler Truss's promise of employment to Montgomery was made with knowledge and/or reckless ignorance of

the falseness, particularly as Montgomery made certain to let the Tyler Truss representative(s) know that she was resigning an existing job and wanted to give two weeks notice to her existing employer (and, further, particularly as Tyler Truss confirmed Montgomery's hiring a second time, on December 18, 2019, knowing or acting with reckless ignorance of the falseness of that promise in a circumstance where Tyler Truss representatives knew Montgomery was quitting an existing job and Tyler Truss could have told Montgomery not to quit because the promise of her new job with Tyler Truss was not going to be kept).  Montgomery relied to her detriment upon Tyler Truss's promise of employment and acted upon it, quitting her existing job to take the new job with Tyler Truss.  Significant harm was proximately caused to Montgomery based upon her reliance upon Tyler Truss's false and fraudulent promise of employment.  Indeed, Montgomery was not able to return to or be rehired by her former employer, Standard Locknut, when Tyler Truss refused to honor its promise of employment to Montgomery.[1]

37.     As a direct and proximate result of Tyler Truss's acts of actual fraud, Montgomery has suffered significant damages, including lost wages and benefits, career damage, humiliation, mental and emotional stress and anguish and loss of enjoyment of life. Montgomery will seek from Tyler Truss all compensatory damages available to her under Indiana law.  Further, Tyler Truss's conduct was undertaken with malice, fraud, gross negligence and/or oppressiveness that was not the result of mistake of fact or law.  Montgomery will seek from Tyler Truss all punitive damages available under Indiana law to prevent this type of conduct in the future.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Debra A. Montgomery respectfully requests that the Court enter

---

[1] See *Schmees v. HC1.COM, Inc.*, 2020 WL 708037 **2-3 (S.D. Ind. Feb. 12, 2020).

judgment in her favor against Tyler Truss, and award to Plaintiff all available damages and equitable relief, including, but not limited to, all back pay and benefits, all front pay and benefits, compensatory damages, punitive damages, liquidated damages, and payment of all of her reasonable attorney fees, costs and expenses, along with any other damages or relief necessary to remedy Tyler Truss's violations of Montgomery's rights under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, and Indiana law, together with any available pre-judgment interest, and any other relief which would be just and proper in the premises.

HASSLER KONDRAS MILLER LLP
100 Cherry Street
Terre Haute, Indiana 47807
(812) 232-9691


By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   kondras@hkmlawfirm.com

### *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Debra A. Montgomery, by her counsel, and hereby requests a trial by jury, on all issues which may be tried to a jury.

HASSLER KONDRAS MILLER LLP
100 Cherry Street
Terre Haute, Indiana 47807
(812) 232-9691


By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   kondras@hkmlawfirm.com